UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| AMERICA CAN!, et. al., § § *Plaintiffs*, § § v. § § ARCH INSURANCE COMPANY, et. al., § § *Defendants.* § § § | Civil Action No. 3:20-CV-00850-X |

**MEMORANDUM OPINION AND ORDER**

On April 15, 2020, plaintiffs America Can! and America Can! Cars for Kids (collectively, "plaintiffs") filed a motion to remand this case back to state court for lack of diversity jurisdiction [Doc. No. 7]. Upon reviewing defendants' Care Providers Insurance Services, LLC ("Care Providers") and Arch Insurance Company's ("Arch Insurance") (collectively "defendants") notice of removal [Doc. No. 1] and notice of citizenship [Doc. No. 29] alleging Care Providers's citizenship, the Court concludes defendants have properly alleged diversity jurisdiction.

"To properly allege diversity jurisdiction under § 1332, the parties need to allege complete diversity."[1] Complete diversity requires that "all persons on one side of the controversy [must] be citizens of different states than all persons on the other

---

[1] *MidCap Media Fin., L.L.C. v. Pathway Data, Inc.*, 929 F.3d 310, 313 (5th Cir. 2019) (quotation omitted).

side."[2] A corporation's citizenship is both the corporation's state of incorporation and principal place of business.[3] A limited liability company is a citizen where each of its members is a citizen.[4] An individual's citizenship is where he is domiciled.[5]

Defendants' notice of removal and notice of citizenship properly allege diversity jurisdiction in this case. Defendants in their notice of removal allege plaintiffs, per plaintiffs' own complaint, are incorporated and have their principal places of business in Texas. These statements sufficiently allege plaintiffs are citizens of Texas. Defendants in their notice also alleges defendant Arch Insurance is incorporated in Missouri and has its principal place of business in New Jersey. These statements sufficiently allege Arch Insurance is a citizen of Missouri and New Jersey. Lastly, in their notice of citizenship, defendants allege defendant Care Providers is composed of a single member, NSM Insurance HoldCo, LLC ("NSM Insurance"). NSM Insurance in turn is composed of seven individual members and one corporate member, White Mountains Catskill Holdings, Inc. ("White Mountains"). Defendants allege the seven individual members are domiciled in Pennsylvania and that White Mountains is incorporated in Delaware and has its principal place of business in Pennsylvania. These statements sufficiently allege that Care Providers is a citizen of Pennsylvania and Delaware. Reviewing the citizenship of the parties, no defendant is a citizen of Texas, where plaintiffs are citizens. As "all persons on one

---

[2] *Id.* (quotation omitted).

[3] *See Ill. Cent. Gulf R.R. Co. v. Pargas, Inc.*, 706 F.2d 633, 637 (5th Cir. 1983).

[4] *See Harvey v. Grey Wolf Drilling, Co.*, 542 F.3d 1077, 1080 (5th Cir. 2008).

[5] *Preston v. Tenet Healthsystem Mem'l Med. Ctr., Inc.*, 485 F.3d 793, 799 (5th Cir. 2007).

side of the controversy" are "citizens of different states than all persons on the other side," there is complete diversity in this case.[6]

Plaintiffs' motion for remand is premised on the allegation that this Court lacks diversity jurisdiction.  As the Court has established above that defendants have properly alleged diversity jurisdiction, the Court hereby **DENIES** plaintiffs' motion to remand.

**IT IS SO ORDERED** this 27th day of August, 2020.

_____
BRANTLEY STARR
UNITED STATES DISTRICT JUDGE

---

[6] *Id.* (quotation omitted).