IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| AMERICA CAN!, AMERICA CAN! CARS FOR KIDS, Plaintiffs, | § § § § |
| v. | § Civil Action No. 3:20-CV-0850-X-BH § |
| ARCH INSURANCE COMPANY, CARE PROVIDERS INSURANCE SERVICES LLC, Defendants. | § § Referred to U.S. Magistrate Judge[1] § § § |

**MEMORANDUM OPINION AND ORDER**

Based on the relevant filings and applicable law, *Defendants Arch Insurance Company and Care Providers Insurance Services, LLC's Motion to Compel Discovery*, filed January 11, 2022 (doc. 114), is **DENIED** as untimely.

**I.**

On April 13, 2020, the defendants removed this action alleging breach of an insurance contract and negligence based on their failure to fully reimburse the plaintiffs's for attorneys' fees incurred in another lawsuit. (*See* docs. 1, 52.) On August 23, 2021, a third scheduling order was entered in this case, which expressly stated that "[a]ll discovery procedures shall be initiated in time to complete discovery by October 12, 2021." (doc. 85 at 1.)  The order provided that the parties could agree to extend the deadline, with notice to the Court, if the extension did not affect subsequent deadlines. (*See id.* at n. 2.) The discovery deadline was extended by agreement on October 6, 2021, solely for the purpose of taking the deposition of a specific expert witness due to his health.  (*See* docs. 101, 102.) The docket does not reflect any additional notice of an agreed extension of the discovery deadline. A fourth scheduling order was entered on January 13, 2022, which extended the trial date and related

---

[1] By *Order of Reference* filed November 9, 2020 (doc. 40), this case has been referred for full case management.

pretrial deadlines, but not any lapsed deadlines. (*See* doc. 120.)

The defendants filed their motion to compel on January 11, 2022, seeking production of documents allegedly relied upon by the plaintiff's corporate representative to refresh his recollection in preparation for and/or during his deposition on October 5 and 7, 2021. (*See* doc. 114 at 1-2.) They contend that they asked for the documents on the record at the deposition, and that the plaintiffs refused. (*See id.*) Their supplemental brief regarding the timeliness of their motion explains that the attorney who took the deposition had a family medical emergency the following day, so he was unable to file a motion to compel before the discovery deadline elapsed. (*See* doc. 123 at 2.) Because the defendants later moved to continue the trial setting, they "also thought it would be appropriate to ask the Court to order production of the documents." (*Id.*) They note that the corporate representative might not be available at trial, which would preclude them from issuing a trial subpoena to him for production of the documents. (*Id.* at 3.)

## II.

Rule 37 of the Federal Rules of Civil Procedure, which governs motions to compel discovery, provides no deadline for the filing of discovery motions. *Days Inn Worldwide, Inc. v. Sonia Investments,* 237 F.R.D. 395, 396 (N.D. Tex. 2006). Rule 16(b), however, provides that courts shall, in appropriate cases, issue scheduling orders limiting the time for joining parties and amending pleadings, filing motions, *completing discovery*, modifying the disclosure deadlines, trial matters, and any other appropriate matters. *Id.* Where a scheduling order establishes a date for the completion of discovery, a party is generally required to obtain all necessary discovery by that date. *See id.* at 398. In this case, the scheduling order expressly stated that "discovery procedures shall be initiated in time to complete discovery by October 12, 2021." (doc. 85 at 1.)

2

When, as in this case, a discovery motion is filed after the discovery deadline, courts have considered a number of factors in determining whether the motion is untimely and/or should be permitted. *See Days Inn Worldwide, Inc.,* 237 F.R.D. at 398. These factors include (1) the length of time since the expiration of the deadline, (2) the length of time that the moving party has known about the discovery, (3) whether the discovery deadline has been extended, (4) the explanation for the tardiness or delay, (5) whether dispositive motions have been scheduled or filed, (6) the age of the case, (7) any prejudice to the party from whom late discovery was sought, and (8) disruption of the court's schedule. *Id.* Neither side addressed these factors.

As noted by the United States Court of Appeals for the Fifth Circuit, its "precedent suggests that a district court is within its discretion to deny a motion to compel filed on or after the court-ordered discovery deadline—regardless of the requested discovery's value to the party's case." *McCollum v. Puckett Machinery Co.*, 628 F. App'x 225, 228 n. 4 (5th Cir. 2015) (citing *Grey v. Dallas Indep. Sch. Dist.*, 265 F. App'x 342, 348 (5th Cir. 2008) (finding no abuse of discretion in the denial of a motion to compel discovery filed on the day of the discovery deadline after an extensive discovery period); *Turnage v. Gen. Elec. Co.*, 953 F.2d 206, 209 (5th Cir.1992) (holding that the district court did not abuse its discretion when it denied plaintiff's request to conduct potentially dispositive discovery, "given (i) the imminence of trial, (ii) the impending discovery deadline, and (iii) [plaintiff's] failure to request an inspection earlier"); *Days Inn*, 237 F.R.D. at 398-99 (noting that relevance and importance of discovery were not generally considered by courts in deciding whether to consider an untimely motion, and that both were inconsistent with a delay in seeking the discovery)).

Regarding the first two factors, the defendants' motion was filed more than three months after

both the discovery deadline and the date the defendants learned of the documents. As for the third factor, the discovery deadline set out in the scheduling order represented the second extension of the discovery deadline. The defendants' supplemental brief explains why the deposing attorney could not have reasonably been expected to file the discovery motion by the October 12, 2021 deadline due to the extremely serious family medical emergency he faced just four days earlier.  It does not, however, explain the entire duration of the three-month delay, especially since the docket reflects filings by one of the other seven defense attorneys of record in this case in early and mid-November.[2] "'[I]f the conduct of a respondent to discovery necessitates a motion to compel, the requester of the discovery must protect himself by timely proceeding with the motion to compel.  If he fails to do so, he acts at his own peril.'" *Days Inn*, 237 F.R.D. at 399 (quoting *Wells v. Sears Roebuck and Co.*, 203 F.R.D. 240, 241 (S.D. Miss. 2001), and also citing *Suntrust Bank v. Blue Water Fiber, L.P.*, 210 F.R.D. 196, 200-01 (E.D. Mich. 2002) (finding failure to promptly enforce discovery rights constituted a waiver of such rights)(citing *Choate v. National Railroad Passenger Corp.*, 132 F. Supp. 2d 569 (E.D. Mich. 2001)); 8 A Charles Alan Wright, Arthur R. Miller, and Richard L. Marcus, *Federal Practice and Procedure* § 2285 (2d ed.1994) (generally, if a moving party has unduly delayed in filing a motion for an order compelling discovery, a court may conclude that the motion is untimely)).  The dispositive motion deadline has elapsed in this nearly two-year-old case, so the fifth and sixth factors also weigh against late consideration. Although the plaintiffs have identified no prejudice to them from consideration of the late-filed motion in support of the seventh factor, the parties' challenges to the expert witnesses are pending for resolution before trial, which is less than three months away, and consideration of the late-filed motion would disrupt and/or impact that consideration.

---

[2] That the parties did not attempt to schedule a call with the Court to seek an expedited ruling during the deposition is noteworthy.

4

On balance, only one of the eight factors arguably weighs in favor of consideration of the defendants' late-filed; the other seven weigh in favor of disallowing it as untimely.

### III.

In conclusion, the defendants have not shown that their late-filed discovery motion should be allowed, and it is denied as untimely.

**SO ORDERED** on this 18th day of February, 2022.

_____
IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE