UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| AMERICA CAN!, ET AL., § § *Plaintiff*, § § v. § § ARCH INSURANCE COMPANY, ET AL., § § *Defendants*. § § § § | Civil Action No. 3:20-CV-00850-X-BH |

## **SCHEDULING ORDER**

The Court sets the following schedule for this case's disposition.[1]

1. The jury trial is scheduled on this Court's two-week docket beginning **August 15, 2022 at 10:00 AM**.

2. A Pretrial Conference is scheduled for **August 9, 2022 at 2:00 PM**.

3. The parties must file responses to the motions in limine by **August 4, 2022**.

4. Objections to witnesses (except expert witnesses), exhibits, and deposition designations shall be filed by **August 4, 2022**. Counsel must confer about exhibits and make reasonable efforts to agree upon admissibility.

5. Objections to the interrogatories shall be filed by **August 4, 2022**.

6. The parties must confer and file, by **August 4, 2022 at 5:00 PM**, a joint status report on pretrial objections to exhibits, witnesses (except expert witnesses), and deposition designations.

### I.   Exhibits, Depositions, and Witnesses

The Court expects that the parties will reach agreements resolving those evidentiary issues that are governed by well-settled and clearly established law. The report should then list the objections that the parties maintain.

---

[1] Unless the Court orders otherwise, the Parties must observe the Federal Rules of Civil Procedure and the local rules of this Court.

1

Objections must be explained in writing, similar to what would occur in a sidebar conference.  Merely citing to a rule number is not sufficient.

a. <u>Exhibits:</u>  Counsel must confer about exhibits and make reasonable efforts to agree upon admissibility.  The Court will only admit into evidence exhibits the parties offer at trial.[2]  For each exhibit objected to, the report shall list the exhibit number, a concise, non-argumentative description of the exhibit, the concise written basis for the objection with a citation to relevant authority, and a concise written response to the objection with a citation to the relevant authority.

b. <u>Depositions:</u>  For each witness the plaintiff will present by deposition (*i.e.* not a live witness), counsel must designate excerpts by page and line. The plaintiff must include an opposing party's counter-designations, chronologically interspersed throughout a single, joint designation form for each witness.  Each designated excerpt should note the party making the designation, whether there is an objection, the concise written basis for the objection with a citation to relevant authority, and a concise written response to the objection with a citation to relevant authority.  The defendant must complete the same process for witnesses to be presented by deposition in the defendant's case-in-chief only.  The parties must attach the full deposition at issue for each witness.

c. <u>Witnesses:</u>   The report shall include a concise, non-argumentative statement summarizing the witness and his/her connection to the facts. The party making an objection to the witness's testimony must then make a concise explanation of the objection with a citation to relevant authority. The party presenting the witness must then make a concise response to the objection with a citation to relevant authority.  The Court highly disfavors arguments about excluding the entirety of fact witness testimony.

The status report should organize the objections in table format, according to the examples below:

| Exhibit Number | Concise non-argumentative description of | Objection with concise explanation and | Response with concise explanation and |
|---|---|---|---|

---

[2] This does not mean the parties cannot bring into evidence a document not admitted in conjunction with a witness.  The parties may agree to the admissibility of certain exhibits that are never discussed with a witness and ask the Court to admit them into evidence at the close of that party's case and be sent with the jury for deliberation.  Or evidence brought in through a proper records custodian by affidavit may qualify to go back to the jury room.  But the Court is not inclined to admit into evidence *en masse* exhibits only tangentially connected to the case actually presented to the jury.

|  | Exhibit | authority. | authority. |
|---|---|---|---|

| Deposition Designation with Page and Line Numbers | Counter-designation (if applicable) with Page and Line Numbers | Excerpt Objected to with Page and Line Numbers | Objection with concise explanation and authority. | Response with concise explanation and authority. |
|---|---|---|---|---|

| Witness | Concise non-argumentative summary of witness and connection to facts | Concise non-argumentative identification of what aspect of the Witness's testimony is objected to | Objection with concise explanation and authority. | Response with concise explanation and authority. |
|---|---|---|---|---|

7. The Court will view with disfavor and will deny—absent a showing of good cause—requests for extensions of these deadlines.

8. At the pretrial conference, the Court will determine the order in which the cases on its two-week docket will be tried. Counsel and the Parties shall be ready for trial on 48-hours' notice at any time during the docket period.

   **IT IS SO ORDERED** this 20th day of July, 2022.

   _____
   BRANTLEY STARR
   UNITED STATES DISTRICT JUDGE

3