THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| AMERICA CAN! and AMERICA CAN! CARS FOR KIDS, § § § § *Plaintiffs*, § § v. § § ARCH INSURANCE COMPANY § and CARE PROVIDERS § INSURANCE SERVICES, LLC, § § *Defendants*. § | Civil Action No. 3:20-CV-00850-X-BH |

### AMENDED ORDER ON MOTIONS IN LIMINE

The plaintiffs and defendants filed motions in limine. [Doc. Nos. 136, 150]. The Court GRANTS IN PART and DENIES IN PART both motions. The Court previously entered its first order on the motions at Doc. No. 166. The Court enters this first amended order on the motions in limine to incorporate its rulings from the pretrial conference and subsequent rulings on deferred points.

### I. Legal Standard

"The purpose of a motion in limine is to allow the trial court to rule in advance of trial on the admissibility and relevance of certain forecasted evidence."[1] "Evidence should not be excluded in limine unless it is clearly inadmissible on all potential grounds."[2] To that end, "evidentiary rulings should often be deferred

---

[1] *King v. Cole's Poultry, LLC*, No. 1:14-cv-00099-MPM-DAS, 2017 WL 532284 at *1 (N.D. Miss. Feb. 9, 2017) (cleaned up).

[2] *Harkness v. Bauhaus U.S.A., Inc.*, No. 3:13-00129-DMB-SAA, 2015 WL 631512, at *1 (N.D.

until trial so that questions of foundation, relevancy and potential prejudice can be resolved in proper context."[3]

## II. Analysis

**A. The Plaintiffs' Motion in Limine [Doc. No. 150][4]**

1. *The plaintiffs seek to prohibit "testimony and documentation regarding legal analyses, opinions, and conclusion formed by Arch's coverage counsel and other counsel retained by Arch and its Third-Party Administrators."*

The Court allows the jury to hear evidence of legal analyses and conclusions as long as the witness testifies based on personal knowledge. So the Court DENIES in part this request.

The defendants do not oppose the plaintiffs' request that the defendants not be allowed to rely on an advice-of-counsel defense, so the Court also GRANTS IN PART the plaintiffs' request and will not instruct the jury on an advice-of-counsel defense.

2. *The plaintiffs seek to prohibit "testimony from Defendants' designated expert(s) and Defendants' witnesses as to the 'duty' each of the parties allegedly had."*

Defendants concede that neither fact nor expert witnesses should properly

---

Miss. Feb. 13, 2015).

[3] *King*, 2017 WL 532284 at *1 (cleaned up).

[4] Response at Doc. No. 157.

testify about the existence of a legal duty. But the Court allows the jury to hear evidence of legal analyses and conclusions if the witness testifies based on personal knowledge. The Court also recognizes that some testimony might cross into impermissible legal analysis. Therefore, the Court DEFERS ruling on this until the issue arises at trial.

> 3. The Plaintiffs seek to prohibit "evidence and testimony regarding policy interpretation."

The Court allows the jury to hear evidence of legal analyses and conclusions if the witness testifies based on personal knowledge. The Court also recognizes that some testimony might cross into impermissible legal analysis. Therefore, the Court DEFERS ruling on this until the issue arises at trial.

> 4. The plaintiffs seek to prohibit "presenting questions and obtaining testimony from Defendants' expert Christopher Martin that call for legal conclusions."

The Court DEFERS ruling on this request until the situation arises at trial.

> 5. The plaintiffs seek to prohibit "any argument or questioning that could require the revelation of information protected by the attorney-client privilege and/or the assertions of attorney-client or attorney work product privileges in the Jury's presence."

The Court DEFERS ruling on this request until the issue arises at trial. As the defendants explain in their response to the plaintiffs' motion in limine, the

plaintiffs might attempt to justify their actions based on advice of counsel. If such testimony arises, it is possible that the defendants will be allowed to inquire about otherwise-privileged communications because of the offensive-use doctrine.[5]

6. *The plaintiffs seek to prohibit "any argument, statement, comment, question, reference, argument, or mention that states or implies that Plaintiffs had to 'request permission' from Arch before Plaintiffs could retain lawyers in the New Jersey Trademark Litigation."*

The Court GRANTS this request to the extent that the defendants will not be allowed to submit evidence that the plaintiffs had to receive Arch's permission before retaining counsel in the New Jersey Trademark Litigation. But the Court will not prohibit the defendants from providing evidence about Condition 2.d of the policies issued to the plaintiffs.

7. *The plaintiffs seek to prohibit "any argument, statement, comment, question, reference, argument, or mention stating or implying that Plaintiffs or agents informed Arch or its representatives that Plaintiffs did not want Arch to retain counsel but wanted to keep using Fox Rothschild and/or Haynes & Boone as counsel in New Jersey as such references constitutes hearsay and speculation."*

The Court DENIES this request to the extent that plaintiffs want such evidence excluded in toto. The defendants argue that they will be able to submit such

---

[5] *See Charalambopoulos v. Grammer*, No. 3:14-CV-2424-D, 2017 WL 1094394, at *3 (N.D. Tex. Mar. 8, 2017).

testimony in a claims file under the business-records exception to the hearsay rule. So the Court DEFERS ruling on the claims file's admissibility until the issue arises at trial.

8. *The plaintiffs seek to prohibit "any testimony, evidence, or argument regarding any bonus or compensation paid to Plaintiffs' Officer or Employees."*

   The defendants do not oppose this request, so the Court GRANTS it.

9. *The plaintiffs seek to prohibit eliciting testimony, referring to evidence, or making argument regarding the "Texas Education Agency's monitoring or conservatorship role with America Can!."*

   The defendants do not oppose this request, so the Court GRANTS it.

10. *The plaintiffs seek to prohibit "references to the amount of grants or funding received by America Can! from government sources, as well as America Can!'s revenue, expenses, or assets."*

    The Court DEFERS ruling on this request until the issue arises at trial. The defendants argue that the plaintiffs are, on the one hand, claiming financial disaster because the defendants will not pay attorneys' fees for the New Jersey litigation and, on the other hand, seeking to prohibit the defendants from disproving plaintiffs' assertions. That scenario would be improper, so the Court the defers ruling until if and when the plaintiffs open the door to such evidence.

11. *The plaintiffs seek to prohibit references to "any ruling by the United States*

*District Court for the District of New Jersey on the issue of attorneys' fees."*

The defendants do not oppose this request, so the Court GRANTS it.

12. *The plaintiffs seek to prohibit "any reference, argument and evidence of the fact that there was ever a disgorgement finding, as well as the dollar amount of the initial disgorgement finding, in the trademark litigation dispute in the United States District Court for District of New Jersey."*

The defendants do not oppose this request, so the Court GRANTS it.

13. *The plaintiffs seek to prohibit "expert testimony, documents and exhibits not contained in the Defendants' expert's deposition and/or written reports."*

The defendants do not oppose this request, so the Court GRANTS it.

14. *The plaintiffs seek to prohibit "testimony and documentation regarding 'audits' allegedly performed by third parties on legal fees invoices and used by defendants."*

The Court DENIES the plaintiffs' request because the audits performed by third parties go to the motivation and reasons for the defendants' decisions. The plaintiffs' concerns can be addressed via cross-examination.

15. *The plaintiffs seek to prohibit "argument and/or testimony from Defendants' counsel, witnesses and experts as to opinions and conclusions drawn by Jerome (Joe) Studer, Legal Fee Analytics, LLC, and Legal Fee Solutions, LLC as to*

6

*whether expenses paid by Plaintiffs included services that were unreasonable, duplicative or otherwise improper, inappropriate, objectionable or impermissible."*

The Court DENIES the plaintiffs' request because the audits performed by third parties go to the motivation and reasons for the defendants' decisions. The plaintiffs' concerns can be addressed via cross-examination.

16. *The plaintiffs seek to prohibit "documents, as well as argument and/or testimony from Defendants' counsel, witnesses and experts purporting to assert any affirmative defense not timely pled in Defendants' operative Answers."*

    The defendants do not oppose this request, so the Court GRANTS it.

17. *The plaintiffs seek to prohibit "evidence or testimony regarding the witnesses, exhibits and matters to which Plaintiffs have objected in the Objections to Defendants' Witness List, Exhibit List and Designation of Deposition Testimony until the Court has ruled on such objections."*

    The defendants do not oppose this request, so the Court GRANTS it.

18. *The defendants seek to prohibit any reference to or questioning regarding "effects on insurance rates."*

    The defendants do not oppose this request, so the Court GRANTS it.

19. *The defendants seek to prohibit any "reference to the filing of this Motion."*

The defendants do not oppose this request, so the Court GRANTS it.

**B. The Defendants' Motion in Limine [Doc. No. 136][6]**

1. *The defendants seek to prohibit "[a]ny mention of the fact that Malcolm Wentworth had or passed away from cancer."*

The defendants do not object to the jury being told that Mr. Wentworth passed away from an illness, but argue that any evidence or argument that seeks to go into the nature (cancer) or extent of the illness, how long Mr. Wentworth had been ill, what effect the illness had on his life, or any similar details are not relevant to any issue in this case and would be introduced only to try to seek sympathy from the jury. At the pretrial conference, the Court GRANTED the defendants' motion to the extent that the plaintiffs be prohibited from specifically saying that Mr. Wentworth died "from cancer." At the pretrial conference, the Court also provided a path for dealing with the concerns about how Mr. Wentworth's deposition answers may have been affected by his medication. The Court instructed the parties to file designations and cross-designations. Those deadlines have passed. The Court will address this matter via subsequent order.

2. *The defendants seek to prohibit testimony and evidence along the lines that "Plaintiffs America Can! and America Can! Cars for Kids . . . should receive preferential treatment because of its status as a charitable institution."*

---

[6] Response at Doc. No. 159.

8

This request is highly vague. The Court DENIES it.

3. *The defendants seek to prohibit testimony and evidence along the lines "that Plaintiffs are relieved of any contractual duties or common law duties imposed on them, including the duty to act as a reasonable insured, because they are charitable institutions."*

This request is also highly vague. Everyone agrees that the defendants owed certain duties to the plaintiffs by virtue of the insurance policies, but the defendants do not provide the court with any argument or caselaw explaining a so-called duty to act as "reasonable insured" as applied to charitable institutions. So the Court DENIES this request. However, if the defendants wish to re-assert this argument at the pretrial conference and clarify what is sought by this request, the Court will hear argument.

4. *The defendants seek to prohibit testimony and evidence along the lines that "Arch had any duty or obligation to explain to or make Plaintiffs aware of any term, provision, condition, exclusion, or any other provision of any insurance policy issued to Plaintiffs, including but not limited to the duty to defend provision in the insurance policies."*

The Court DENIES this request because the defendants are attempting to litigate the contents of the jury charge in a motion in limine. At issue in this case are allegations that the defendants made misrepresentations to the plaintiffs, were negligent, acted in bad faith, and otherwise unlawfully harmed the plaintiffs. While Texas law supports the general proposition that the insured has a duty to read its

insurance policy, that does not preclude claims that the insurance company or its agent misrepresented the policies' terms or acted negligently. Moreover, the plaintiffs provide plenty of caselaw showing that a "should-have-read-the-policy" argument amounts at most to a contributory defense, not a prohibition against the evidence.[7]

5. *The defendants seek to prohibit testimony and evidence along the lines that Care Providers Insurance Services "had any duty or obligation to explain to or make Plaintiffs aware of any term, provision, condition, exclusion, or any other provision of any insurance policy issued to Plaintiffs, including but not limited to the duty to defend provision in the insurance policies."*

The Court DENIES this request for the same reasons that it denied the defendants' request in point number 4 above.

6. *The defendants seek to prohibit testimony and evidence along the lines that "it is a misrepresentation for Arch or CPIS to not explain any term, condition, exclusion, or other provision of any insurance policy issued to Plaintiffs, including but not limited to the duty to defend provision in the insurance policies."*

The Court DENIES this request for the same reasons that it denied the defendants' request in point numbers 4 and 5 above.

7. *The defendants seek to prohibit testimony and evidence along the lines that "it **is not** an unfair method of competition for Arch or CPIS to not explain any*

---

[7] *See* Doc. No. 159 at 8.

> *term, condition, exclusion, or other provision of any insurance policy issued to Plaintiffs, including but not limited to the duty to defend provision in the insurance policies."*

The Court assumes that the defendants meant to say that they want to exclude argument that it ***is*** an unfair method of competition for Arch or Care Providers to not explain any terms of the insurance policies. The Court DENIES this request for the reasons explained in points 4, 5, and 6 above and for essentially the reasons stated by the plaintiffs in their response to the defendants' motion.

8. *The defendants seek to prohibit testimony and evidence along the lines that "it **is not** an unfair or deceptive act or practice for Arch or CPIS to not explain any term, condition, exclusion, or other provision of any insurance policy issued to Plaintiffs, including but not limited to the duty to defend provision in the insurance policies."*

The Court assumes that the defendants meant to say that they want to exclude argument that it ***is*** an unfair or deceptive act or practice for Arch or Care Providers to not explain any terms of the insurance policies. The Court DENIES this request for the reasons explained in points 4, 5, 6, and 7 above and for essentially the reasons stated by the plaintiffs in their response to the defendants' motion.

9. *The defendants seek to prohibit testimony and evidence along the lines that "Arch could **not** negotiate or enter into an agreement with Plaintiffs to accept $160,482.68 in satisfaction of all outstanding attorneys' fees and expenses through February 2018."*

11

At the pretrial conference, it became clear that all parties want to submit evidence and testimony about the $160,482.68 payment—they just want to do it for different reasons. Accordingly, the Court DENIES the defendants' request to prohibit the plaintiffs from making arguments about the $160,482.68. The parties will be able to deal with their concerns via cross-examination, the jury charge, and motions for judgment as a matter of law.

> 10. The defendants seek to prohibit testimony and evidence along the lines that "that the agreement between Arch and Plaintiffs by which Plaintiffs accepted $160,482.68 in full satisfaction of all attorneys' fees and expenses incurred through February 2018 is illegal or otherwise unenforceable."

The Court DENIES this request for the same reasons that it denied point number 9 above.

> 11. The defendants seek to prohibit evidence and testimony along the lines that "Arch has any obligation to reimburse Plaintiffs for attorneys' fees or expenses incurred by Plaintiffs before April 21, 2015, the date that Arch was first given notice that Kars 4 Kids had filed suit against America Can! almost four months earlier."

The defendants' argument appears to be precluded by the policy's term stating that a "'claim' seeking damages will be deemed to have been made at the earlier of the following times: (1) When notice of such 'claim' is *received and recorded by any insured* or by us, whichever comes first."[8] There also appears to be no dispute that

---

[8] *Id.* at 15.

12

the plaintiffs (the "insured") "received and recorded" the Kars 4 Kids New Jersey trademark litigation before April 21, 2015. Therefore, the Court will not prohibit argument or testimony that some circumstances could compel the defendants to reimburse fees incurred prior to April 21, 2015. So the Court DENIES this request.

12. *The defendants seek to prohibit testimony and evidence along the lines that "Arch has any obligation to reimburse Plaintiffs for attorneys' fees or expenses incurred by Plaintiffs after June 21, 2019, the date that Arch notified Plaintiffs that Arch was withdrawing its defense."*

The Court DENIES this request. The defendants' concerns can be addressed via the jury charge and/or motions for judgment as a matter of law.

13. *The defendants seek to prohibit testimony and evidence that "Arch or CPIS have violated any provision of the Texas Insurance Code."*

The Court DENIES this request. The plaintiffs have statutory claims under the Texas Insurance Code and the jury will plainly be called upon to decide if the defendants violated the Code. To the extent that the defendants are worried about impermissible testimony involving legal analyses and conclusions, the Court has elsewhere in this Order stated that it will allow legal analyses and conclusions as long as they are based upon personal knowledge.

14. *The defendants seek to prohibit testimony and evidence that "Arch or CPIS have violated any provision of the Texas Deceptive Trade Practices Act."*

The Court DENIES this request. The plaintiffs have statutory claims under the Texas Insurance Code, which include violations of the Texas Deceptive Trade

13

Practices Act, and the jury will plainly be called upon to decide whether the defendants acted deceptively. To the extent that the defendants are worried about impermissible testimony involving legal analyses and conclusions, the Court has elsewhere in this Order stated that it will allow legal analyses and conclusions as long as they are based upon personal knowledge.

> *15. The defendants seek to prohibit testimony and evidence that "Arch or CPIS have violated any common law duty of good faith and fair dealing."*

The Court DENIES this request for essentially the same reasons stated in the ruling on defendants' points 13 and 14 above.

> *16. The defendants seek to prohibit "[a]ny mention or reference to any other person or entity as being insured by Arch or any related company or any claim involving any other person or insured of Arch."*

This request is somewhat vague. To the extent that the defendants seek to prohibit evidence about unrelated third-parties, the Court GRANTS IN PART this request. But, as the plaintiffs explain in their response to the defendants' motion, the plaintiffs must be able to explain Arch's relationship to other parties involved in this action. And the Court agrees, so the Court also DENIES IN PART this request.

\*       \*       \*

**IT IS SO ORDERED** this 23rd day of August, 2022.

_[signature]_

BRANTLEY STARR

UNITED STATES DISTRICT JUDGE